UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP R. PERRY,

      Plaintiff,

      v.                                                                Civil Action No. 2:24-cv-11344

                                                HON. MARK A. GOLDSMITH

ERIKA P.,

      Defendant,

_____/

**OPINION & ORDER**
**DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND**
**COSTS AND DISMISSING THE COMPLAINT**

This matter is before the Court on Plaintiff Bishop R. Perry's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff Perry is an inmate confined at the Lakeland Correctional Facility in Coldwater, Michigan. Upon review of the case and Mr. Perry's litigation history in the federal courts, the Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." See also Owens v. Keeling, 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $ 55.00 administrative fee, when he filed his complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). See also In Re Prison Litigation Reform Act, 105 F.3d 1131,

1138 (6th Cir. 1997).  The in forma pauperis statute, 28 U.S.C. § 1915(a), allows prisoners the opportunity to make a "downpayment" of a partial filing fee and then pay the remaining fee in installments. See Boussum v. Washington, 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023).

A review of federal court records indicates that Plaintiff Perry has three cases that would qualify as strikes under 28 U.S.C. § 1915(g).

In Perry v. Washington, No. 1:20-cv-530, 2020 WL 3542153 (W.D. Mich. June 30, 2020), the court dismissed the complaint for failing to state a claim upon which relief could be granted because Plaintiff sought release from prison, which could only be done by filing a petition for writ of habeas corpus and not through a civil rights action.  Plaintiff filed a notice of appeal with the Sixth Circuit as well as a motion to proceed in forma pauperis on appeal. The Sixth Circuit denied Plaintiff permission to proceed in forma pauperis, finding that any appeal would be frivolous because Plaintiff could not seek release from incarceration through a civil rights action. The Court also concluded that the district court did not err in failing to construe Plaintiff's action as a petition for writ of habeas corpus. The Sixth Circuit ordered Plaintiff to pay the $505.00 filing fee within thirty days or the case would be dismissed for want of prosecution.  Perry v. Washington, No. 20-1922 (6th Cir. Nov. 9, 2021).  When Plaintiff failed to pay the filing fee, the case was dismissed for want of prosecution. Perry v. Washington, No. 20-1922, 2022 WL 4299769 (6th Cir. Apr. 11, 2022).

In Perry v. Hughes, No. 22-11044, 2022 WL 3972869 (E.D. Mich. Aug. 30, 2022), the case was dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), because Plaintiff was challenging the procedures that led to his criminal conviction.

Under the PLRA, a federal court may dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or

malicious or failed to state a claim for which relief may be granted. See, 28 U.S.C. § 1915(g) (1996); Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999); Witzke v. Hiller, 966 F. Supp. 538, 540 (E.D. Mich. 1997).  The "three strikes" provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. See Clemons v. Young, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).  A federal district court may sua sponte raise the "three strikes" provision of the PLRA on its own initiative. Witzke, 966 F. Supp. at 539.  A federal court is permitted to take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). See Taylor v. United States, 161 F. App'x. 483, 485-86 (6th Cir. 2005).

Perry v. Washington, et. al., No. 1:20-cv-530, 2020 WL 3542153, clearly counts as at least one strike, because the case was dismissed by the district court for failing to state a claim upon which relief can be granted.

The case also qualifies as a second strike because the Sixth Circuit denied Plaintiff permission to proceed in forma pauperis, finding that any appeal from the dismissal would be frivolous.

An appellate court's affirmance of a district court's dismissal of a prisoner civil action counts as a separate strike, for purposes of 28 U.S.C. § 1915(g), so long as the appellate court implicated § 1915(g) reasons for affirming the district court's dismissal. See Taylor v. First Med. Mgmt., 508 F. App'x. 488, 494 (6th Cir. 2012).  This includes cases in which the appellate court finds a prisoner's action to be frivolous but "erroneously styles its dismissal as an affirmance." Id., 495, n.5.

The United States Supreme Court has not yet explicitly held that an appeal from the dismissal of a civil rights case can count as a separate strike.  But the court's language and

reasoning regarding a similar issue strongly suggests that a district court's dismissal of a prisoner complaint for being frivolous, malicious, or for failing to state a claim and a court of appeals' subsequent affirmance of that dismissal should count as separate strikes, for purposes of 28 U.S.C. § 1915(g).  In Coleman v. Tollefson, 575 U.S. 532 (2015), the Supreme Court held that a district court's prior dismissal of a prisoner complaint on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal. Id. at 537.  The Supreme Court rejected the notion that the prior dismissal does not count as a strike while an appeal from that dismissal is pending. Id.  The Supreme Court also rebuffed the idea that the language "prior occasion," in the context of 28 U.S.C. § 1915(g), included both a dismissal of a complaint on an enumerated ground and any subsequent appeal. Id. at 538. The Supreme Court observed, "[l]inguistically speaking, we see nothing about the phrase 'prior occasions' [within the language of § 1915(g)] that would transform a dismissal into a dismissal-plus-appellate-review.  An 'occasion' is 'a particular occurrence,' a 'happening,' or an 'incident.'" Id. (punctuation modified).  The Supreme Court also observed that "The in forma pauperis statute repeatedly treats the trial and appellate stages of litigation as distinct." Id.  The Supreme Court concluded that the screening provisions for prisoner complaints contained in 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1) "reflect a congressional focus upon trial court dismissal as an important separate element of the statutory scheme . . . We have found nothing in these provisions indicating that Congress considered a trial court dismissal and an appellate court decision as if they were a single entity—or that Congress intended the former to take effect only when affirmed by the latter." Id. at 538–539.

This Court concludes that Plaintiff's 2020 case counts as two strikes, because the Sixth Circuit, in denying Plaintiff permission to proceed in forma pauperis, concluded that any appeal would be frivolous.

Plaintiff's 2022 case, <u>Perry v. Hughes</u>, counts as an additional strike even though it was dismissed without prejudice pursuant to <u>Heck v. Humphrey</u>. A dismissal of a civil rights complaint, with or without prejudice, pursuant to <u>Heck v. Humphrey</u> counts as a strike, for purposes of § 1915(g), "because when the complaint was filed it failed to state a claim upon which relief could be granted." <u>Pointer v. Wilkinson</u>, 502 F.3d 369, 373, n. 4 (6th Cir. 2007) (punctuation modified).

This Court concludes that Plaintiff's 2000 case counts as two separate strikes. Coupled with the 2022 case, Plaintiff is precluded under § 1915(g) from proceeding in forma pauperis.

Plaintiff has not alleged any facts that would establish that he in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding in forma pauperis in light of his three prior strikes. <u>Mulazim v. Michigan Dept. of Corrections</u>, 28 F. App'x. 470, 472 (6th Cir. 2002).

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. <u>Witzke,</u> 966 F. Supp. at 540.

Since Plaintiff has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing in forma pauperis. <u>See</u> <u>Drummer v. Luttrell</u>, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

IT IS HEREBY **ORDERED** that:

(1) Plaintiff's in forma pauperis status is **DENIED** and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

(2) It is further **ORDERED AND CERTIFIED** that any appeal taken by the Plaintiff would not be done in good faith.

Dated:  October 10, 2024                                    s/Mark A. Goldsmith

      Detroit, Michigan                                    MARK A. GOLDSMITH
                                            United States District Judge